Abraham N. Geller, J.
Defendant has moved for a trial by jury of the charge of being adjudged to be a youthful offender.
The motion is made in reliance upon the holding in the decision of the Federal District Court in Nieves v. United States (280 F. Supp. 994) to the effect, apparently, of striking down as unconstitutional a provision of the Federal Juvenile Delinquency Act that requires youths accused of a Federal crime to waive jury trial before obtaining the benefit of juvenile court proceedings and, going beyond that, of requiring availability of the right to jury trial in any Federal juvenile proceeding in which a youth is faced with incarceration for the commission of an act alleged to be violative of Federal law.
Defendant’s motion is based on the contention of unconstitutionality of section 913-g of our Code of Criminal Procedure, requiring consent to trial without a jury if defendant consents to investigation for the purpose of determining whether he is eligible to be adjudged a youthful offender, and of section 913-h, providing that, if the court determines his eligibility and he *726 pleads not guilty to the charge of being a youthful offender, the trial of that charge shall be. by the court without a jury.
Analysis, so far as possible, of the Nieves decision indicates that, while there is citation of authority for the first proposition that a “Hobson’s choice ” may not he.presented to a defendant to penalize the assertion or coerce the waiver of rights guaranteed by the Bill of Bights, the second proposition is based on the court’s reading of Matter of Gault (387 U- S. 1), which dealt with due process rights in a juvenile delinquency proceeding but without reference .to jury trial, as requiring availability of the right to jury trial in any Federal juvenile proceeding involving incarceration.
It is clear that Nieves cannot and does not represent direct and compelling authority for a holding of unconstitutionality of the provision in our section 9I3-h for a trial by the court without a jury of the charge of being a youthful offender. The question here is not whether the provision of section 9I3-g for waiver of jury trial should be deemed coercive, in which event a defendant might have available to biro the right to demand a jury trial of the charge in the indictment. Proceeding on that assumption, such a defendant would lose all the benefits of the youthful offender provisions. But, as indicated, the question here is whether section 913-h is unconstitutional in providing for a trial without a jury of the charge of being a youthful offender.
The presumption, of course, is that a statute, particularly one of long-standing and frequent practice and usage, is constitutional. Moreover, in the absence of compelling authority or immediate necessity, the question of unconstitutionality of such a statute should be left by a court of first instance to the appellate courts.
It should be noted that, while the Supreme Court of the United States has held with respect to certain of the amendments in the Bill of Bights that the Fourteenth Amendment makes such enumerated rights applicable to the States, the Sixth Amendment’s provision for the right to trial by jury in all “ criminal ” prosecutions has not as yet been made applicable to the States. In fact, other than the Nieves decision, there appears to be no Federal holding that there is a constitutional right to jury trial in a Federal juvenile proceeding.
The provision for jury trial in our State Constitution is not as broad as that in the Federal Constitution. It provides for trial by jury “in all cases in which it has heretofore been guaranteed by constitutional provision,” (art. I, § 2) and it also pro *727 vides for a waiver by defendant in all criminal cases, except those punishable by death, by a written instrument signed in open court with the approval of the Judge. It is, therefore, clear that under our State Constitution there is no right to jury trial in a youthful offender proceeding.
Accordingly the motion is denied.