Walteb L. Tebby, J.
In this action for declaratory judgment, plaintiff seeks a declaration that section 1116 of the Public Health Law and related sections do not apply to the sales of *235 real property made by plaintiff or that if the law does apply to the said sales, that it is unconstitutional as a violation of the Due Process and Equal Protection Clauses of the Constitution.
Plaintiff purchased 13 farms, 11 of which were located in Delaware County, one in Greene County, and one partly in Delaware County and partly in Ulster County. Plaintiff did not develop this property, nor build homes, but sold off at random various portions of these farms in varying sizes and shapes and at different times over several years. With the exception of those portions of the farms that contained the original farmhouses and barns, plaintiff was selling vacant land. Plaintiff made some 263 sales. Of these, 119 consisted of 10 or more acres, 90 consisted of 5 to 10 acres, 41 of 2 acres to 5 acres, and 13 of under 2 acres. Plaintiff’s contention is that these sales constituted sales of recreational land to skiers, hunters, fishermen and vacationers and that the Public Health Law sections do not in any way apply.
Section 1116 of the Public Health Law provided in part %
“ § 1116. Realty subdivisions; plans required to be filed and approved.
“ 1. No subdivision or portion'thereof shall be sold * * * by any * * * person, and no permanent building shall be erected thereon, until a plan or map of such subdivision shall be filed and approved by the department * * * of health having jurisdiction * * * and such plan or map thereafter filed in the office of the clerk of the county in which such subdivision is located.
“ 2. Such plan or map shall show methods for obtaining and furnishing adequate and satisfactory water supply and sewerage facilities to said subdivision.
“ 3. The installation of such facilities shall be in accordance with the plans or any revision or revisions thereof approved by the department * * * of health having jurisdiction.”
Section 1115 of the Public Health Law states in part: “ § 1115. Realty subdivisions; definitions. As used in sections eleven hundred fifteen to eleven hundred eighteen of this chapter, inclusive, the word ‘ subdivision ’ shall mean any tract of land which is hereafter divided into five or more parcels along an existing or proposed street, highway, easement or right-of-way for sale * * * as residential lots or residential building plots, regardless of whether the lots or plots to be sold or offered for sale, or leased * * * are described by metes and bounds or by reference to a map or survey of the property or by any other method of description.”
*236 The Public Health Department’s position is clearly evidenced by their service on plaintiff of a “ notice of hearing and complaint ”, dated January 25, 1972 for a hearing on March 3, 1972 at the New York Health Department building in Albany. The purpose of the hearing as stated in the notice was ‘ ‘ to consider your violation of section 1116 of the Public Health Law ’ ’. The notice referred to sales from the afore-mentioned 13 farms.
Plaintiff, before the date set for the hearing, commenced this" action and obtained ex parte, a temporary restraining order, and thereafter, a stay of the proceedings of the Department of Health, pending the outcome of this action for a declaratory judgment. This action was tried before the court commencing September 25, 1972 and briefs have now been filed by both parties.
The purpose of the statute is obvious: to assure that adequate and satisfactory water supply and sewage facilities are available to land subdivided by an owner into residential lots and/or residential building plots. To that end, the Department of Health is authorized to promulgate certain rules and regulations.
The uncontradicted proof in this case established that the statute and rules and regulations (10 NYCRR 74.1 et seq.) are neither necessary nor adequate for the express purpose of the statute insofar as this kind of sale is concerned. Even the testimony of the Department of Health District Sanitary Engineer substantiates that fact. The construction of elaborate waterworks and sewage disposal plants, unless certain outside conditions can be established, is neither necessary for the protection of the public nor economically feasible in connection with the sale of land from farms of this nature for recreational purposes. There has been no showing that any of the sales by the plaintiff have resulted in any pollution of any other person’s property.
Accordingly, the construction urged upon the court by the Department of Health is unnecessary in light of the purpose of the statute.
The Department of Health also takes the position that regardless of the size of acreage sold in any individual parcel, that more than four sales are prohibited without compliance with this section of the law. The testimony at page 366 of the record clearly shows that the Health Department employees take the position that this statute would be violated by the sale of five 2,000-acre parcels from a 10,000-acre tract, but *237 would not consider the sale of four % acre parcels from a one-acre tract as a violation.
“ The court * * * is not held to a literal reading when such reading would be unjust, absurd or both.” (United Dye Works v. Scifo, 190 Misc. 959, 964 [1947]) and as stated in Williams v. Williams (23 N Y 2d 592, 599 [1969]). “ We will not blindly apply the words of a statute to arrive at an unreasonable or absurd result. If the statute is so broadly drawn as to include the case before the court, yet reason and statutory purpose show it was obviously not intended to include that case, the court is justified in making an exception through implication.”
In reaching a conclusion, the court is also persuaded by the fact that the practical construction of this admittedly ambiguous statute, as evidenced by the usage and custom in the area and the interpretation of it by members of the local Bar Association has been to the effect that this statute does not apply to the sale of recreational lands. In the case of the plaintiff at bar, many years elapsed since the fifth sale before the Department of Health attempted any enforcement. Other owners of farms in Delaware County have sold parcels from their farms in excess of four without filing a subdivision map seeking Health Department approval. It is clear from all of the evidence that this is not a problem of urbanization and is not land development for residential dwellings. And, the statute being penal in nature (section 12 of the Public Health Law provides for a civil penalty not to exceed $250 for each violation of the statutes, which penalty was increased by amendment effective September 1, 1971 to $1,000, and in addition [§ 12-b], provides for a fine of not to exceed $500, and/or imprisonment hot to exceed six months for a willful violation), should be strictly construed. (Lake Mohopac Heights v. Zoning Bd. of Appeals of Town of Carmel, 119 N. Y. S. 2d 809 [1952]; People v. Ryan, 274 N. Y. 149 [1937].)
Consequently, the court holds that section 1116 of the Public Health Law and related sections have no application to sales such as those made by the plaintiff in this case of recreational acreage.
Nevertheless, the Department of Health attempts to apply these statutes to these kinds of sales. Consequently, the issue of the constitutionality of the statute must be resolved.
A reading of the statute in question does not enlighten the reader as to the terms “tract”, “parcel”, “ subdivision ”, “residential lots”, or “residential building plots”.
*238 u 1 [A] statute which either forbids or requires the doing of an action in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law ’ ” (Trio Distr. Corp. v. City of Albany, 2 N Y 2d 690, 696 [1957] and cases cited therein). The Court of Appeals further pointed out in this case that a statute by 1 ‘ its terms must be clear, precise, definite and certain in specifying the conduct which is prohibited and in prescribing ‘ some comprehensible guide, rule, or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements. ’ ” The court then went on to say (p. 697) : “ In determining whether an ordinance is a valid exercise of the police power, it is necessary to consider what would legally be possible in its general enforcement.”
Applying these rules to the instant, case, it is obvious that the statutes are so indefinite and vague that no ordinary member of society could begin to interpret them without resorting to the absurd interpretation urged by the Department of Health that they apply to any sale no matter how large from any larger piece of land, no matter what size, after four sales have occurred.
In addition, if the Health Department interpretation is correct, the statute is confiscatory and deprives plaintiff of his property without due process of law. “ The citizen cannot be deprived of his property without due process of law. The principle embodied in this constitutional guarantee is not limited to the physical taking of property. Any law which annihilates its value, restricts its use, or takes away any of its essential attributes, comes within the purview of this limitation upon legislative power. The validity of all such laws is to be tested by the purpose of their enactment and the practical effect and operation that they may have upon property. A law which interferes with property by depriving the owner of the profitable and free use of it, or hampers him in the application of it for the purposes of trade or commerce, or imposes conditions upon the right to hold or sell it, may seriously impair its value against which the Constitution is a protection.” (People v. Hawkins, 157 N. Y. 1, 7 [1898].)
The proof established at trial shows that the sales were made from marginal farmland which, due to increased mechanization, could no longer be profitably farmed. The proof further shows that the farms are in distinctly rural areas of the State of New York and that unless these farms could be *239 sold as recreational lands, they have no value except as timberland. Any statute must meet the test of necessity and reasonableness in order to survive the constitutional requirements of due process and equal protection of the law. (Streb v. City of Rochester, 32 Misc 2d 29 [1961].)
Exercise of the police power cannot be extended beyond the evil sought to be curbed. In the Streb case {supra), the court held that a final reason compelling invalidation of the ordinance was the extent of the cost imposed upon the plaintiff in order to conform to its requirements, balanced against the benefit sought to be accomplished for the public.
In this case, the cost of complying, as shown by the proof, is so great that the property is priced out of the market. Further, the proof shows that no great public benefit can be achieved, for no great public menace has been proven.
Consequently, the court is of the opinion that the expense outbalances the good sought, and the statute would be considered unreasonable.
Consequently, section 1116 of the Public Health Law and related sections are unconstitutional as the Department of Health here attempts to apply them.