■ In the Matter of SAM SLAVIN et al., Petitioners, v. HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination and order of the respondents imposing fines and penalties for violations of section 1116 of the Public Health Law. Petitioners are the owners of three tracts or parcels of land situate in the Town of Halcott, County of Greene, consisting of 328 acres; 111½ acres and 23 acres which they acquired by inheritance, and more particularly by a deed from Sam Slavin and Morris Slavin, as executors of the last will and testament of Ida Slavin, their mother, dated August 30, 1962 and recorded March 18, 1963 in Liber 411 of Deeds at page 909. Thereafter, they conveyed 26 parcels of land, the smallest parcel consisting of .75 acre, and the largest consisting of nine acres. Eight of the parcels consisted of five acres or more; six of the parcels consisted of at least three acres, but less than five acres; and the remaining 12 varied in size from .75 acre to 2.6 acres with seven being under two acres. Eight of the parcels were vacant, unimproved land at the time of the hearing. On June 15, 1971, the New York State Department of Health commenced an administrative proceeding based upon its allegations that these conveyances were in violation of section 1116 of the Public Health Law in that the said parcels had been sold without petitioners having filed a subdivision map approved by the Department of Health in the office of the Clerk of the County of Greene. At the hearing held on July 28, 1971, Morris Slavin, one of the petitioners, on the advice of counsel, refused to answer most of the questions posed to him on the ground that his answers might tend to incriminate him. Thereafter, the only evidence intro-

duced consisted of certified copies of the deeds recorded in the Greene County Clerk's office; testimony to the effect that a subdivision map had not been filed; testimony by the Town Assessor who introduced the assessment records in evidence and described the properties as recreational land used on a seasonal basis; and correspondence from the Department of Health to petitioners. The hearing officer determined that the petitioners had "divided a tract of land with five or more parcels along an existing street, road, highway or right-of-way for sale as residential lots or residential building lots." Petitioners allege that such determination is unsupported by substantial evidence and is unconstitutional, arbitrary, capricious and an abuse of discretion. Section 1116 of the Public Health Law provides, in part: "1. No subdivision or portion thereof shall be sold, offered for sale, leased or rented by any corporation, company or person, and no permanent building shall be erected thereon, until a plan or map of such subdivision shall be filed with and approved by the department or city, county or part-county department of health having jurisdiction and such plan or map thereafter filed in the office of the clerk of the county in which such subdivision is located." Section 1115 of the Public Health Law provides: "the word 'subdivision' shall mean any tract of land which is hereafter divided into five or more parcels along an existing or proposed street, highway, easement or right-of-way for sale or for rent as residential lots or residential building plots, regardless of whether the lots or plots to be sold or offered for sale, or leased for any period of time, are described by metes and bounds or by reference to a map or survey of the property or by any other method of description." Resort to this definition leaves much to conjecture in the absence of a definition of the words "tract", "parcel", "residential lots", and "residential building plots". The rules and regulations of the Department of Health offer no assistance since the word "subdivision" is therein assigned the meaning ascribed by section 1115 of the Public Health Law. (10 NYCRR 74.1[a].) The regulations are silent on the words "tract", "parcel", "residential lots" and "residential building plots". At the hearing herein, the Department of Health proceeded on the basis that the lands owned by the petitioners consiting of a total of 462½ acres, more or less, constituted one tract or parcel. Their deed, however, contains three descriptions. By ordinary definition, custom and usage, these descriptions would be considered as three separate tracts or parcels. Nothing in sections 1115 and 1116 requires them to be treated as one parcel. Such a requirement would lead to obvious absurdities, not within the intent and purpose of the statute which is to assure proper water and sewage facilities in subdivision developments. (See *Herrick* v. *Ingraham*, 74 Misc 2d 234.) There is no evidence in the record indicating that the 26 conveyances were out of only one of the three parcels or out of all of the parcels. There is no evidence that petitioners held themselves out as subdividers of land for residential purposes. The record does indicate that the sales were of recreational lands, at random; that the property was "mostly mountain"; that the roads close by the properties were "some logging roads"; one road was macadam, "everything else is dirt": and "very bad". The purchasers were all seasonal residents. Section 1115 which defines the word "subdivision" also contains the key words "divided * * * for sale or for rent as residential lots or residential building plots". There is nothing in this record establishing that petitioners divided their three parcels of land or parts thereof into five or more parcels for sale or for rent as residential lots or residential building plots other than the copies of the deeds and the assessment records of the town which establishes only the manner in which the grantees in the deeds used their lands. The deeds contain no restrictions limiting

the use to residential purposes, thus they are only evidence of a conveyance. The use of the land by the grantees after the conveyance is, of course, beyond the control of the grantor and, while it may constitute evidence as to the reason it was purchased, it does not constitute, in and of itself, evidence that a parcel was divided for sale or for rent as residential lots or residential building plots, particularly where there are no zoning regulations affecting the use of the lands, and the deeds do not restrict the use to residential purposes. In our opinion, the determination assessing penalties against petitioners is not supported by substantial evidence, and should be annulled. Determination annulled, without costs, and petition granted. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.