Cooke, J.
Petitioners, children of Ida Slavin, acquired title by inheritance in 1962 to three tracts of land, totaling 462Vi acres in size and located in an area of the Town of Halcott, Greene County, described as "mostly mountain.” Between then and a time in 1970, they deeded therefrom to various individuals a number of parcels and, in 1971, the State Department of Health instituted an administrative proceeding *657 based on its contention that the conveyances were in violation of section 1116 of the Public Health Law. The gravamen of the charge, as set forth in the notice of hearing was that petitioners "have divided a tract of land in the Town of Halcott * * * into five or more parcels along an existing or proposed street, highway, easement or right-of-way, for sale or for rent as residential lots or as residential building plots and * * * have sold or offered for sale one or more of such parcels without having a plan of such subdivision filed with and approved by the Department * * * and without having filed a plan or map in the Office of the Greene County Clerk.”
At the hearing, 27 deeds[1] running from petitioners and conveying that number of parcels were received in evidence, said instruments containing metes and bounds descriptions but not specifying the acreage granted. Records of the Town Board of Assessors, admitted in respect to 23 of those parcels, indicated that the smallest contained .75 of an acre and that the largest consisted of 9 acres, that 5 were of 5 acres or more, that 6 were of at least 3 acres but less than 5, that the remaining 12 varied in size from .75 acre to 2.6 acres, with 7 being under 2 acres, and that 9 of those tracts were vacant, unimproved land at the time of the hearing.[2]
Subdivision 1 of section 1116 of the Public Health Law, as in effect in 1962 (L 1960, ch 996, eff July 1, 1960), provided: "No subdivision or portion thereof shall be sold, offered for sale, leased or rented by any corporation, company or person, and no permanent building shall be erected thereon, until a plan or map of such subdivision shall be filed with and approved by the department and such plan or map thereafter filed in the office of the clerk of the county in which such subdivision is located.” By virtue of section 63 of chapter 204 of the Laws of 1963, effective October 1, 1963, said statute was amended by the insertion of the words "or city, county or part-county department of health having jurisdiction” after the word "department”; and said statute remained unchanged until May 18, 1971, when chapter 266 of the Laws of 1971 inserted a provision in respect to the filing and approval of a plan or map in Suffolk County. During the period in question (see L 1953, ch 879, eff June 1, 1954), pursuant to section 1115 *658 of the Public Health Law and as used in section 1116 of said law, "the word 'subdivision’ shall mean any tract of land which is hereafter divided into five or more parcels along an existing or proposed street, highway, easement or right-of-way for sale or for rent as residential lots or residential building plots, regardless of whether the lots or plots to be sold or offered for sale, or leased for any period of time, are described by metes and bounds or by reference to a map or survey of the property or by any other method of description.”
The Appellate Division was correct in its holding that the administrative determination of the Commissioner of Health, assessing penalties of $6,150 against petitioners was not supported by substantial evidence. One phase of the statutory proscription, as included in the definition of "subdivision”, is that the tract of land be "divided * * * for sale or for rent as residential lots or residential building plots”. The terms "residential lots” and "residential building plots” are not defined in title II of article 11 of the Public Health Law, of which sections 1115 and 1116 are a part, or in the pertinent Rules and Regulations of the Department of Health (10 NYCRR 74.1 [a]). Of vital significance, however, the deeds contain no restrictions limiting the respective parcels to residential uses, there were no zoning regulations during the years in question affecting their enjoyment, and the record is barren of proof that petitioners sold the pieces of realty singly or collectively for residential purposes or held themselves out as subdividers of the land for said purposes. As pointed out, the use of the land by the grantees, in the absence of proof connecting that use with the grantors, does not constitute evidence binding on the latter to the effect that the original tract was divided for sale or for rent as residential lots or residential building plots.
Although a substantial question with respect to constitutionality is raised (see Public Health Law, § 12; Trio Distr. Corp. v City of Albany, 2 NY2d 690, 696; McKinney’s Cons Laws of NY, Book 1, Statutes, § 273), we do not reach it here.
Judgment affirmed, with costs.

. The Appellate Division found that petitioners had conveyed 26 parcels.

. The District Sanitary Engineer of said department, having jurisdiction over Greene County, received no complaints of sanitary violations or reports of local health officers concerning the subject properties.