A. Franklin Mahoney, J.
The State of New York and the Commissioner of Health move for summary judgment against the defendants Rutkowski and Conti upon the grounds that said defendants have no meritorious defense and, as a matter of law, there are no triable issues of fact. The plaintiffs seek similar relief against such other named defendants as may be necessary to effectuate summary relief against defendants Rutkowski and Conti. A preliminary injunction was issued by Judge Casey on April 2, 1974.
The underlying action is for a permanent injunction pursuant to article 11 of the Public Health Law and ECL article 17, permanently restraining Rutkowski and Conti from selling, offering for sale, leasing or renting any further parcels of real *614 estate out of a certain realty subdivision in the Town of Neversink, Sullivan County, New York, until a subdivision plan is filed with and approved by the New York State Department of Health and the appropriate district office. The second and third causes of action seek statutory penalties pursuant to section 12 of the Public Health Law and ECL 71-1707. The fourth cause of action is to abate a public nuisance. Defendants Rutkowski and Conti have served verified answers wherein they challenge the constitutionality of section 1116 of the Public Health Law and ECL 17-1505 (first affirmative defense) and, further, that plaintiff’s rejection of their subdivision plan was arbitrary and capricious (second affirmative defense). Defendant Stevens also raises the question of the constitutionality of the cited sections of the Public Health Law and ECL by affirmatively challenging them in her answer.
Both section 1116 of the Public Health Law and ECL 17-1505 provide, in part: "No subdivision or portion thereof shall be sold, offered for sale, leased or rented * * * and no permanent building shall be erected thereon, until a plan or map of such subdivision shall be filed with and approved”. Section 1115 of the Public Health Law and ECL 17-1501 state that, "the word 'subdivision’ shall mean any tract of land which is hereafter divided into five or more parcels along an existing or proposed street, highway, easement or right-of-way for sale or for rent as residential lots or residential building plots, regardless of whether the lots or plots to be sold or offered for sale, or leased for any period of time, are described by metes and bounds or by reference to a map or survey of the property or by any other method of description.”
In Matter of Slavin v Ingraham (44 AD2d 874) the Appellate Division, Third Department, annulled penalties assessed against a realty owner upon the grounds that there was no clear evidence that the conveyances were out of the same parcel; that the sales were of recreational lands, at random, rather than as part of a plan for1 residential development and, further, because of lack of proof that the owner had subdivided his land for sale. However, the court said (p 875) that, "Resort to this definition [Public Health Law, § 1115 in Slavin; same as ECL 17-1501, herein] leaves much to conjecture in the absence of a definition of the words 'tract’, 'parcel’, 'residential lots’ and 'residential building plots’.” There is a strong suggestion in Slavin v Ingraham (supra) that had the factual situation been such that residential lands were being sold, rather *615 than random sales of recreational lands, section 1115 et seq. of the Public Health Law would have been declared to be unconstitutional on the ground of vagueness.
Subsequent to Slavin v Ingraham (supra) the Appellate Division, Third Department, again faced the question of application of section 1116 of the Public Health Law to alleged subdivision sales without the owner thereof having first filed a subdivision plan for water and sewage facilities. (Herrick v Ingraham, 46 AD2d 546.) Again, the court found that the subject sections of the Public Health Law were not applicable to the random sales of mountainous farmlands of no uniform size or shape, it being the court’s view that large tracts of lands without uniform size or shape do not constitute a subdivision development. Consequently, the court concluded that sales of such parcels did not come within the purview of sections 1115 and 1116 of the Public Health Law. However, two members of the court, while concurring in result, dissented in part by writing that sections 1115 and 1116 of the Public Health Law (ECL 17-1505) are void as unconstitutionally vague and indefinite. The dissent stated (p 549) that, "If we continue to treat similar cases on an ad hoc basis, we will not only perpetuate an intolerable dilemma for property owners, we will saddle members of the Bar with the burden of instituting proceedings which, in many cases, may ultimately be found unnecessary.” The prophecy contained in the dissent has ripened into reality in the case at bar. Herein, unlike Matter of Slavin v Ingraham (supra) and Herrick v Ingraham (supra) we are dealing with "residential lots”, as defendants Rutkowski and Conti have, concededly, conveyed lots to 18 separate owners, eight of whom have constructed buildings thereon with individual septic systems. Consequently, this case cannot be disposed of without resolving the question of the constitutionality of section 1115 et seq. of the Public Health Law and ECL 17-1505.
While there can be no quarrel with the legislative right, indeed its duty, to enact statutes establishing and regulating water or sewage disposal systems in realty subdivisions (Matter of Brous v Smith, 304 NY 164), such enactments must be so structured that land owners are informed and advised as to what is required in order that the public’s safety be protected. As noted above (Slavin and Herrick) it has already been appellately established that sections 1115 and 1116 of the Public Health Law (ECL 17-1505) have no application to *616 random sales of "lots” or "plots”, of whatever size, for recreational purposes. It follows, therefore, that sales of lots for construction of summer homes or sports facilities to be used on a seasonal basis, are not subject to the same requirements as sales of similar lands, of similar size, for the construction of permanent residences. The statutory scheme is silent as to how the public health is protected by requiring documented plans for residential development while permitting unsupervised construction of recreational facilities wherein it must be assumed that during their use such recreational facilities must have in operation some form of permanent or temporary sanitary method of waste disposal. Next, the subject sections of both the Public Health Law and the Environmental Conservation Law are vague and indefinite as to the size of the lots which, when divided into 5 or more parcels, shall comprise a "subdivision”. The mind boggles at the possible combinations that could result from dividing "any tract of land * * * into five or more parcels * * * for sale or for rent as residential lots or residential building plots”. Strict application of the subject statute would mean that an owner of a large tract of land would have to divide the same into four or less parcels in order to avoid the expense and effort of filing a plan or map of such a subdivision. This means, in the absence of a definite, certain statutory definition of "tract”, "parcel”, "residential lots” or "residential building plots”, that an owner of a 1000-acre plot could subdivide the same into four 250-acre parcels and sell individual lots therefrom for whatever purpose and, thereby, avoid the necessity of filing a plan or map of such subdivision. Certainly, such a hypothetical subdivision would avoid statutory condemnation and be deleterious to the public health. Consequently, while the intent and thrust of both section 1115 et seq. of the Public Health Law and ECL 17-1505 are salutary and necessary, the subject statutes are so vague and indefinite as to be beyond judicial construction to enforce the legislative intent. For those reasons, the subject statutes are, in my view, unconstitutional.
This court is empowered by CPLR 3212 (subd [b]) on a summary judgment motion by plaintiffs to grant summary judgment to defendants, notwithstanding that defendants did not request such relief by cross motion. A motion for summary judgment searches the record and a grant of like relief for a nonmovant may be made at the time of the motion or even on an appeal (Wiseman v Knaus, 24 AD2d 869). There *617 fore, plaintiffs’ motion for summary judgment with respect to the first three causes of action of their complaint is denied and summary judgment is granted to the defendants Rutkowski, Conti and Stevens, specifically, since they raised the issue of constitutionality in their answers by way of affirmative defenses, and to all defendants, generally, to the extent that sections 1115 and 1116 of the Public Health Law and ECL 17-1505 are declared to be unconstitutional.
Plaintiffs are entitled to summary judgment with respect to the fourth cause of action of their complaint. Said cause of action is to abate a public nuisance with respect to the defendants Steven and Mary Drobysh. A fair and sympathetic reading of the papers before the court, particularly those of the professional engineers who conducted on site inspections and tests, clearly indicates that the sewage disposal system on the Drobyshs’ property has failed and is creating a danger to the public health and welfare.
In sum, plaintiffs’ motion for summary judgment with respect to the first three causes of action of their complaint is denied. The court grants summary judgment in favor of the defendants, declaring section 1115 et seq. of the Public Health Law and ECL 17-1505 to be unconstitutional.
Summary judgment is granted to the plaintiffs with respect to the fourth cause of action of the complaint.