OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified.
 

 In answer to the complaint the defendants stated as affirmative defenses, without elaboration, that the statutes (Public Health Law, § 1116; ECL 17-1505) "are so vague, uncertain and ambiguous as to be unconstitutional. ” The burden of course was on the defendants to demonstrate the unconstitutionality of the laws
 
 (People v Byron,
 
 17 NY2d 64;
 
 Fenster v Leary,
 
 20 NY2d 309). Here both Special Term and the Appellate Division determined that the statutes were unconstitutionally vague by posing certain hypothetical situations in which they believed that there might be some doubt as to whether the laws applied. However neither court found that the application of the statutes to this case was doubtful or that the statutes did not give these defendants adequate notice that their particular conduct was subject to the statutory requirements. Indeed the defendants themselves made no such contention in their answer or in the papers submitted on the motion for summary judgment.
 

 "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand”
 
 (United States v Mazurie,
 
 419 US 544, 550; see, also,
 
 People v Rice,
 
 41 NY2d 1018) and not by referring to hypothetical cases
 
 (United States v National Dairy Corp.,
 
 372 US 29, 31-33). In this case then the courts should not have relied on hypotheses in determining whether the statutes were unconstitutionally vague. And in view of the fact that the defendants have not claimed or shown that the statutory language is so indefinite that they could not have reasonably understood that their conduct in this case was proscribed, there was no basis for holding that the statutes were unconstitutional. In sum, on this record the defendants have not met their burden of
 
 *992
 
 demonstrating that the statutes are unconstitutionally vague as applied to them.
 

 The State, however, was not entitled to summary judgment on the complaint since the defendants deny that the lots were sold for residential purposes. The deeds produced in the record do not contain covenants restricting the use of the lots to residences and the State does not claim that the lots were zoned for residential use alone
 
 (Matter of Slavin v Ingraham,
 
 37 NY2d 653, 658).
 
 *
 
 The circumstances surrounding the sales may be sufficient to establish that the defendants sold the lots for residential purposes, but that cannot be decided as a matter of law on these motion papers (cf.
 
 Matter of Slavin v Ingraham, supra,
 
 p 658).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order modified, with costs, in accordance with the memorandum herein and, as so modified, affirmed.
 

 *
 

 We note that the rule may be different under subsequent amendments to Public Health Law (§ 1115) (L 1977, ch 638, § 2) and Environmental Conservation Law (§ 17-1501) (L 1977, ch 638, § 1).