OPINION OF THE COURT

Per Curiam.

The petitioner purchased a 250-acre tract of contiguous lands in 1956 under a single deed. Two years later, having decided to develop a portion of this tract, the landowner followed the requirements set forth in section 1116 of the Public Health Law by applying to the Department of Health for approval of sanitary facilities and water systems contemplated for the first 16-lot section of a residential subdivision to be known as "Highland Acres”. A certificate of approval for the realty subdivision plans submitted by the petitioner was issued in July, 1968.
In 1972 the department discovered that the petitioner had sold additional residential lots from the same tract, outside the boundaries of the approved 16-acre subdivision. Although no new application had been submitted and no approval granted for the additional six lots in the Highland Acres subdivision, the petitioner extended the original subdivision’s water supply to service the unapproved lots.
*994 According to testimony adduced during proceedings commenced by the commissioner to determine whether the unapproved sales violated section 1116 of the Public Health Law, the department had repeatedly notified the petitioner that she would be required to secure separate approval for any new portion of her realty subdivision and its water supply system. There was also undisputed evidence of severe water shortages and sanitary problems at Highland Acres.
The petitioner did testify, however, that she had secured verbal approval for the extension from a Department of Health official. This was categorically denied by department personnel. The issue was resolved against the landowner by the hearing officer, whose findings of six Public Health Law violations for the unapproved sales with recommended penalties for each violation were subsequently adopted by the commissioner.
In contesting that determination the petitioner has sought insulation from the approval requirements of the Public Health Law on the ground that the statute at the time of its application by the commissioner was unconstitutionally vague in defining a subdivision (see L 1977, ch 638, amdg Public Health Law, § 1115). A majority at the Appellate Division agreed based on that court’s holding in State of New York v Rutkowski (58 AD2d 14, revd 44 NY2d 989, decided herewith).
To be sure no individual should be held responsible for conduct which could not reasonably be understood in advance to be proscribed (e.g., People v Bergerson, 17 NY2d 398, 403). However this principle should neither be applied in the abstract nor in a vacuum. Instead "[t]he test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him” (People v Byron, 17 NY2d 64, 67; see Rose v Locke, 423 US 48, 49; United States v National Dairy Corp., 372 US 29, 32).
The provisions challenged for vagueness by the petitioner in this case required approval of water system plans only for "residential subdivisions”, defined in terms of contemplated sales of five or more residential lots within a contiguous tract (Public Health Law, § 1115). Despite the statute’s clear mandate that "[n]o subdivision or portion thereof shall be sold” without Department of Health approval (Public Health Law, § 1116) and despite the petitioner’s initial compliance with this directive by securing approval for a 16-lot subdivision in *995 1968, the record establishes the petitioner’s subsequent unapproved sales of six additional parcels for residential purposes from an adjoining portion of the same tract. Knowing that she was subject to the statute (see Matter of Slavin v Ingraham, 37 NY2d 653, 658) and knowing that it required approval for further segmentation of the tract, the petitioner may not reasonably be heard to complain of sanctions imposed for conduct known to be proscribed (see State of New York v Rutkowski, 44 NY2d 989, supra, decided herewith).
Accordingly, the judgment of the Appellate Division should be reversed insofar as appealed from and the matter remitted to that court to determine whether there is substantial evidence to sustain the commissioner’s determination that the petitioner violated sections 1115 and 1116 of the Public Health Law by the sale of six residential lots from an unapproved portion of her realty subdivision.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Judgment reversed, with costs, and the matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.