■ Town of Olive, Respondent-Appellant, v Mary Martins, Appellant-Respondent.—Cross appeals from an order of the Supreme Court at Special Term, entered June 25, 1979 in Ulster County, which denied defendant's motion for summary judgment and partially granted plaintiff's motion for summary judgment. In 1959 the defendant acquired title to land on both sides of a public highway known as Sheldon Road. The defendant's deed described the land in separate parcel descriptions although all of it is contiguous except as bisected by the highway. The facts establish that since acquiring the property the defendant has conveyed two lots or plots on the south side of the highway. The parcel on the northerly side of the road was divided into five lots, four being sold and the fifth being retained by the defendant, which action the town contends violated the subdivision regulations of the Town of Olive which provide, in part, in section 300 of article 3 as follows: "Whenever any subdivision of land is proposed to be made * * * and before any lots are sold * * * the subdivider * * * shall apply for approval of such proposed subdivision". Section 200 of article 2 defines a *subdivision* as "The division of any parcel of land into five or more lots, blocks, or sites." Similar language has been approved by the Court of Appeals (see *Delaware Midland Corp. v Incorporated Vil. of Westhampton Beach,* 39 NY2d 1029; *Suffolk County Bldrs. Assn. v Town of Islip,* 39 NY2d 1031).

The primary question upon appeal is whether or not the definition of a subdivision is unconstitutionally vague as applied to this defendant. Special Term found issues of fact as to this issue, in particular "the manner in which the subdivision regulations are being applied". The defendant essentially contends that the use of the word "parcel" as the description of land subject to subdivision is either too vague to encompass lands separately described in a deed or does not, as a matter of law, apply to her. This proceeding demonstrates the extremes which each party might approach in academically applying the word "parcel" in the context of this proceeding. The plaintiff insists that one simply looks to the deed and if the separately described lands are contiguous, there is one parcel. The defendant insists that if the lands are separately described, the fact that they are contiguous is of no consequence. This court has previously pointed out that the word "parcel" standing alone might ordinarily be considered to mean only the land encompassed within one description of a quantity of land *(Matter of Slavin v Ingraham,* 44 AD2d 874, 875, affd 37 NY2d 653). However, the use of descriptive language cannot be considered apart from the statutory context as isolated words. The pragmatic approach required appears in *Matter of Pomeroy v Whalen* (44 NY2d 992, 994) : "To be sure no individual should be held responsible for conduct which could not reasonably be understood in advance to be proscribed (e.g., *People v Bergerson,* 17 NY2d 398, 403). However this principle should neither be applied in the abstract nor in a vacuum. Instead '[t]he test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him' *(People v Byron,* 17 NY2d 64, 67; see *Rose v Locke,* 423 US 48, 49; *United States v National Dairy Corp.,* 372, US 29, 32)." The words "parcel of land" are sufficient to convey the meaning of a contiguous area being subject to encompassment in a singular description of the land referred to at the time it is divided into five lots by its owner. It seems readily apparent that the word "parcel" is not used in its strict legalistic sense of a formally described portion of a larger estate (see Black's Law Dictionary [4th ed], p 1268). Since zoning encompasses all uses of the land within the governing municipality's jurisdiction, the requirement of planning approval regardless of the purpose of the subdivision is not overly broad (cf. *State of New York v Rutkowski,* 58 AD2d 14, 19 [separate opn concurring in part and dissenting in part], mod 44 NY2d 989). Accordingly, the plaintiff was entitled to summary judgment declaring the regulations constitutional (cf. *Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,* 51 NY2d 338). It further appears that Special Term erred in not dismissing the defendant's third and seventh affirmative defenses. The defendant's contention that Special Term lacked jurisdiction to render a decision imposing a fine is without merit. Order modified, on the law, in accordance with the decision herein, and, as so modified, affirmed, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Settle order on notice. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.