■ DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent, v HARVEY P. BRANCHE et al., Appellants. — Appeal from an order

and judgment of the Supreme Court at Special Term (Kahn, J.), entered July 30, 1981 in Albany County, which, *inter alia,* adjudged that plaintiff recover as a penalty the sum of $1,000 from defendants Harvey P. Branche and Thelma R. Branche and ordered defendants Branche to construct water supply and sewage disposal facilities upon four lots of a residential subdivision in Jefferson County. As they conceded in their answer to the complaint herein, defendants Harvey P. Branche and Thelma R. Branche (hereinafter defendants) owned a tract of land in Jefferson County, and between 1970 and 1973 they subdivided the tract into 10 parcels which they subsequently sold. Seven of the parcels were encumbered by covenants restricting them to residential use and four had residences erected upon them by defendants when they were sold. There followed a hearing conducted by the Department of Health (hereinafter department) on October 10, 1974, after which it was determined that defendants had violated section 1116 of the Public Health Law by subdividing the tract and selling the parcels in question without first obtaining approval from the department of a plan or map showing methods for obtaining and furnishing adequate water supply and sewage facilities for the parcels. Consequently, an order was issued on April 24, 1975 which adopted the findings of the hearing officer and directed defendants to submit within six months approvable plans and maps showing methods of obtaining satisfactory water and sewage facilities for each parcel of the subdivision. Thereafter a second administrative hearing was held by plaintiff in 1977, and it culminated in an order, dated May 3, 1978, which assessed a penalty of $1,000 against defendants because of their failure to submit approvable plans within six months as required by the earlier order and directed defendants to install water and sewage facilities in accordance with said plans upon the four parcels of the subdivision which had been sold with residences upon them. Defendants then commenced an article 78 proceeding in Supreme Court, Jefferson County, to challenge this latter order, and the proceeding was dismissed by Special Term on the merits. The Appellate Division, Fourth Department, recently affirmed that determination (*Matter of Branche v Whalen,* 89 AD2d 1061). For his part, plaintiff instituted the present action in Supreme Court, Albany County, pursuant to section 1116 of the Public Health Law, to enforce the latter order and moved for summary judgment therein. By order and judgment, entered July 30, 1981, Special Term granted his motion to the extent, *inter alia,* of adjudging that plaintiff recover of defendants the sum of $1,000 and directing defendants to install adequate water supply and sewage facilities in accordance with approved plans upon the four parcels which had been sold with residences upon them. This appeal ensued. We hold that Special Term's order and judgment should be affirmed and, in so ruling, conclude that, while defendants may not collaterally attack the reasonableness of the order of the department in this action, they can challenge that order insofar as they assert that the department lacked jurisdiction to promulgate the order and that the subject order was unconstitutional (see *Matter of Public Serv. Comm. v Rochester Tel. Corp.,* 55 NY2d 320; *Matter of Foy v Schechter,* 1 NY2d 604; *Sephton v Board of Educ.,* 58 AD2d 600). Such being the case, they are precluded from pressing in this action the argument that the department's order was unreasonable in that the plans approved by the department and which defendants have been ordered to implement are inadequate. They can properly argue, however, that the subject order was void for want of jurisdiction and unconstitutionally vague. Considering the department's alleged lack of jurisdiction, we find this contention lacking in substance. As conceded by defendants in their answer and found by both hearing officers, the facts establish that defendants' tract bordered on a public highway and was divided into 10 parcels, seven of

which were sold encumbered with covenants which restricted their use to residential purposes (see *State of New York v Rutkowski*, 44 NY2d 989). Given these circumstances and the fact that a subdivision was statutorily defined at the pertinent time as "any tract of land * * * divided into five or more parcels along an existing * * * highway * * * for sale or for rent as residential lots or residential building plots" (Public Health Law, § 1115), it is clear that the department had jurisdiction over the matter at issue under section 1116 of the Public Health Law, and in view of defendants' concession that their tract was subdivided into 10 parcels and the findings of the two hearing officers to the same effect, defendants' bald conclusory statement made in opposition to the summary judgment motion to the effect that their subdivision consisted of only five parcels, one of which was in excess of five acres in size, is not sufficient to raise a question of fact as to the correctness of the hearing officers' findings (cf. *Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d 255). Defendants' further reliance upon the possible retroactive effect of the definitional amendment to section 1115 of the Public Health Law, which exempts plots of more than five acres from consideration in applying section 1116 of the Public Health Law, to support their position is also unpersuasive because they allege that only one of their parcels was over five acres in size, and this factor, even if true, would not suffice to establish that the department lacked jurisdiction given the other established facts in this case. Defendants' argument that section 1115 of the Public Health Law was unconstitutionally vague is similarly without merit. To prevail on this contention, which does not involve First Amendment freedoms, defendants must demonstrate that the statute was constitutionally vague as applied to them (*State of New York v Rutkowski, supra*), and this they have failed to do. Not only have defendants argued merely that section 1115 of the Public Health Law could be unconstitutional in some cases, but also it is obvious from the facts set forth above that the statute was clearly applicable in this case. Order and judgment affirmed, with costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.