■ Town of Solon, Respondent, v Robert Clark et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered December 21, 1982 in Cortland County, which denied defendants' motion to dismiss the complaint for failure to state a cause of action. Plaintiff Town of Solon commenced the instant civil action in Supreme Court seeking a permanent injunction against various stated violations of the town's zoning ordinance by defendants, plus fines totaling $8,700 for their continuing violations of the ordinance after receiving notification and demand for correction. Special Term was correct in rejecting defendants' objection to the portion of the complaint seeking injunctive relief. The law is by now well settled that an injunction is an appropriate remedy to prevent continuing violations of zoning laws (*Little Joseph Realty v Town of Babylon,* 41 NY2d 738, 745, and authorities cited therein). Equally long established, the fact that criminal sanctions for the same violations were also available under both the statute (Town Law, § 268, subd 1) and the town's zoning ordinance (§ 36), does not prevent the town from employing a civil action in equity as the means of enforcement of its police power to regulate land use for the general health, safety and welfare of its citizens (*People ex rel. Bennett v Laman,* 277 NY 368, 382, 383). A different question is presented with respect to the portion of the complaint in which plaintiff seeks, in the same civil action, to collect fines for the period of alleged prior violations of the ordinance. The pertinent provision of the town's zoning ordinance (§ 36) was expressly enacted "[a]s provided by section 268 of the Town Law". Under section 268, however, proceedings leading to a fine or imprisonment for a past zoning violation and civil proceedings to prevent continuing violations are distinctly set apart and made the subject of separate subdivisions of the statute. The former, subdivision 1 of section 268 of the Town Law, is clearly intended to require invocation of the criminal jurisdiction of the courts since zoning violations are denominated as "offense[s]" and "deemed misdemeanors" "for the purpose of conferring jurisdiction upon courts" (*id.*). Consequently, the town was not authorized, under either section

268 of the Town Law or its own ordinance pursuant to which it was enacted, to seek imposition of a fine in an admittedly civil action. This is not to say that a town may not enact a provision in its zoning ordinance authorizing the imposition of a monetary civil penalty for zoning violations in addition to other remedies (Town Law, § 135, subd 1; 1973 Atty Gen [Inf Opns] 67). However, since no such provision in the local ordinance has been cited, and the complaint expressly seeks the imposition of a "fine" and not of a civil penalty, the latter remedy is not available to plaintiff town. Nor is the foregoing holding inconsistent with this court's decision in *Town of Olive v Martins* (79 AD2d 822, 823, app dsmd 54 NY2d 752). Examination of the record in the *Town of Olive* case indicates that defendant therein solely challenged whether the Supreme Court had criminal jurisdiction to impose a fine under section 268 of the Town Law. Since our State Constitution provides that the Supreme Court is the State court of original, unlimited and unqualified jurisdiction, civil, criminal or otherwise, the challenge in *Town of Olive* on jurisdictional grounds only was properly rejected (NY Const, art VI, § 7, subd a; *People v Darling,* 50 AD2d 1038; see, also, *Kagen v Kagen,* 21 NY2d 532, 537). Accordingly, Special Term should have granted dismissal of so much of the complaint as sought imposition of a fine for alleged past violations of the zoning ordinance by defendants. Order modified, on the law, by granting that portion of defendants' motion which sought dismissal of paragraph 4 of the demand for judgment in the complaint, said paragraph dismissed, and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.