[908 NYS2d 320]

Town of Huntington, Plaintiff, v Jeanette Lagone et al., Defendants.

District Court of Suffolk County, Third District, July 8, 2010

---

**APPEARANCES OF COUNSEL**

*John J. Leo, Town Attorney*, Huntington, for plaintiff. *Rosicki, Rosicki & Associates, P.C.*, Plainview (*Mitra Paul Singh* of counsel), for IndyMac Bank, FSB, defendant.

**OPINION OF THE COURT**

C. Stephen Hackeling, J.

The Town of Huntington (hereafter the plaintiff or the Town) has commenced the above-captioned action pursuant to the provisions of section 135 of the Town Law, as asserted by summons and complaint (dated May 14, 2010) and by order to show cause application dated May 18, 2010. Said action seeks injunctive relief ordering the defendants to secure and stabilize the real property premises located at 3 Forest Court, Halesite, New York, together with ancillary requests to compel compliance with Town of Huntington zoning/housing laws and New York State health codes. The court has jurisdiction to consider this CPLR article 63 application for an injunction pursuant to the provisions of UDCA 203. The defendants, David and Jeanette Lagone, have failed to answer or otherwise appear in this action. The defendants' mortgagee, IndyMac Bank, FSB (hereafter the Bank), has interposed a verified answer with affirmative defenses dated June 9, 2010 and an affirmation in opposition dated June 9, 2010.

## The Facts

The undisputed relevant facts presented are that the defendants are the owners of 3 Forest Court, Halesite, New York. A large two-story residential wood structure was partially constructed upon said premises which consisted of a foundation, exterior walls and roof. No windows, doors, stairs, plumbing or electric was installed. The building project was initially secured

with plywood coverings over the window and door openings, some of which have been removed, allowing access. No exterior finishing material was placed over the structure's Tyvek insulation. Certain areas of the structure's foundation have cracked and settled and the garage header beam has deflected several inches from a temporary support column. The property is encumbered by a mortgage held by the Bank. The defendants Jeanette and David Lagone do not reside at the subject premises and the property is abandoned and infested by vermin. The property has been cited for multiple violations of the Huntington Town Code under sections 87-36, 87-25 (A) and 133-2 (A).

## Issue Presented

What injunctive remedy is the Suffolk County District Court permitted to fashion to address a situation wherein a partially constructed building is abandoned and left in a deteriorating condition constituting a public safety threat to the local community?

## Standing

■ The court will first address the threshold "standing" issue presented by defendant Bank, which asserts that it is not a proper party to be included as a defendant in this action. Under the common law, a mortgagee who is not in possession of real property premises and who does not control same is not liable in negligence for the condition of the property. (*See Bowles v City of New York*, 154 AD2d 324 [2d Dept 1989]; *see also Moran v Regency Sav. Bank, F.S.B.*, 20 AD3d 305 [1st Dept 2005].) Only a "mortgagee in possession" is liable to secure and protect real property upon which its mortgage is affixed. (*Trustco Bank, Natl. Assn. v Eakin*, 256 AD2d 778, 780 [3d Dept 1998].) This common-law doctrine was modified by the New York State Legislature when it enacted RPAPL 1307, "Duty to maintain foreclosed property," which became effective April 2010 and provides:

> "1. A plaintiff in a mortgage foreclosure action who obtains a *judgment of foreclosure and sale* pursuant to section thirteen hundred fifty-one of this article, involving residential real property, as defined in section thirteen hundred five of this article, that is vacant, or becomes vacant after the issuance of such judgment, or is abandoned by the mortgagor but occupied by a tenant, as defined under section thirteen hundred five of this article, shall maintain such

property until such time as ownership has been transferred through the closing of title in foreclosure, or other disposition, and the deed for such property has been duly recorded." (Emphasis added.)

The statute expressly limits a mortgagee's duty to maintain the property only "after" a foreclosure sale occurs, which is not applicable in this instance. The Town's argument as to the Bank's lack of "good faith" efforts to conclude the foreclosure sale is a policy consideration for the Legislature, not this court. The statutory remedy for such a situation has already been codified in section 1970 of article 19-A of the RPAPL, which allows the Town to take title to an abandoned building without consideration as to a pending foreclosure proceeding. Accordingly, the defendant Bank is not a proper party defendant in this action and may not be compelled to assist in the maintenance of the property. The Town's complaint is dismissed as to the Bank.

### District Court Injunctive Powers

■ Section 135 of the Town Law empowers the Town of Huntington to "maintain an action or proceeding . . . in a court of competent jurisdiction to compel compliance with or to restrain by injunction the violation of any such ordinance" (*see generally Little Joseph Realty v Town of Babylon*, 41 NY2d 738 [1977]; *Matter of Stoffer v Department of Pub. Safety of the Town of Huntington*, 77 AD3d 305 [2d Dept 2010]; *Town of Solon v Clark*, 97 AD2d 602 [3d Dept 1983]). Prior to 2006, an injunctive relief action such as this could only be commenced in this jurisdiction in the Supreme Court. After 2006, section 203 of the Uniform District Court Act was amended to include the following:

"(a) The court shall have jurisdiction of the following actions provided that the real property involved is located in whole or in part within a district of the court in the county: . . .

"(2) An action brought to impose and collect a civil penalty for a violation of state or local laws for the establishment and maintenance of housing standards, including, but not limited to, the multiple dwelling law, the multiple residence law, and any applicable local housing maintenance codes, building codes and health codes.

"(3) An action to recover costs, expenses and

disbursements incurred by any political subdivision of the state located in whole or in part within a district of the court in the elimination or correction of a nuisance or other violation of any law described in paragraph (2) of this subdivision, or in the removal or demolition of any building pursuant to such law or laws.

"(4) An action or proceeding to establish, enforce or foreclose a lien upon real property and the rents therefrom, for civil penalties or for costs, expenses and disbursements incurred by any political subdivision of the state located in whole or in part within a district of the court in the elimination of a nuisance or other violation of any law described in paragraph (2) of this subdivision, or in the removal or demolition of any building pursuant to such law or laws.

"(5) Actions or proceedings for the removal of housing violations recorded pursuant to any law described in paragraph (2) of this subdivision, or for the imposition of such violation or for the stay of any penalty thereunder . . .

"(9) Proceedings for the appointment of a receiver of rents, issues and profits of buildings in order to remove or remedy a nuisance or to make repairs required to be made under such laws.

"The department of any political subdivision of the state located in whole or in part within a district of the court charged with enforcing the multiple dwelling law, multiple residence law, housing maintenance code, and other state and local laws applicable to the enforcement of proper housing standards may commence any action or proceeding described in paragraphs (2), (3), (4), (5), (6), and (9) of this subdivision by an order to show cause, returnable within five days."

This new statute confers considerable equitable and injunctive powers upon the District Court in conjunction with local law housing violations. These powers include the appointment of receivers. (*See* Siegel, 2005 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, UDCA 203, 2010 Pocket Part, at 136, citing Assembly Mem in Support, Bill Jacket, L 2005, ch 337.) In the instant case, the Town has demonstrated a continuing violation of sections 87-36, 87-25 (A) and 133-2 (A) of its housing code. As such, it is entitled to the injunctive relief it prays for. However, the court is mindful of

the fact that "actual notice" service of the complaint and accompanying order to show cause upon the defendants has probably not been effected* and that the issuance of an affirmative injunction order will most likely result in a Pyrrhic victory which will not improve the condition of the subject premises. This is precisely the situation that the State Legislature sought to avoid in adding UDCA 203 (c), which provides:

> "(c) Regardless of the relief originally sought by a party the court may recommend or employ *any remedy* . . . if it believes said remedy, program, procedure or sanction will be more effective to accomplish compliance or to protect and promote the public interest; provided in the event any such proposed remedy, program or procedure entails the expenditure of monies appropriated by any political subdivision of the state located in whole or in part within a district of the court, other than for the utilization and deployment of personnel and services incidental thereto, the court shall give notice of such proposed remedy, program or procedure to the department of such political subdivision that is charged with the enforcement of local laws relating to housing maintenance and shall not employ such proposed remedy, program or procedure, as the case may be, if such department shall advise the court in writing within the time fixed by the court, which shall not be less than fifteen days . . . of the reasons such order should not be issued." (Emphasis added).

Accordingly, the court feels constrained to supplement the Town's request for an injunction with the supplemental section 203 (a) (9) alternative remedy of appointment of a temporary receiver as envisioned in chapter 50 of the Huntington Town Code and grants the Town a default judgment as follows:

It is ordered and adjudged that the defendants Jeanette Lagone and David Lagone, the record owners of 3 Forest Court, Halesite, New York, are enjoined from violating the Town's housing ordinances and are directed to:

(1) immediately secure and adequately board up the opening to the garage area (and any other openings in need) such as to prevent unauthorized entry into the structure;

---

* The court notes that service of the subject summons and complaint was effected pursuant to this court's order as authorized by CPLR 308 (5). While technically sufficient to establish in personam jurisdiction over the defendants and the subject res, such service at an abandoned building will probably not produce appearing defendants.

(2) immediately shim between the concrete foundation and the wood sill plate (an approximately 15-foot span) in the garage area;

(3) immediately install a secure support column for the garage header;

(4) remove animal droppings/vermin inside structure and any debris from the inside and outside of premises;

(5) immediately secure the opening from the first floor to the basement in order to prevent anyone from falling through the hole into the basement.

The Town is directed to serve this order on defendants (the Lagones) pursuant to CPLR 308 if their residence is readily ascertainable or alternatively via CPLR 316 by publishing a copy of this order (one time) in a local newspaper authorized to publish public notices. Defendants are to effect these repairs within 10 days of the date of service hereof on them. Service may not be effected at the premises in question, which are not occupied. The Town shall file proof of service of this order upon the defendants with the Court Clerk. The defendants shall file an affidavit of compliance herewith, with the Court Clerk within 15 days after service of this order.

In the event the defendant owners do not comply with the directives of this order, within 10 days of service, the Town may, pursuant to UDCA 203 (a) (9) and (c), submit an order appointing a temporary receiver for the purpose of taking possession of the premises located at 3 Forest Court, Halesite, New York, to remove or remedy the aforestated nuisances and to make the directed repairs. The order shall be accompanied by a list of three proposed temporary receivers who are willing and qualified to serve in that capacity together with a preapproved compensation agreement. They must be applicants currently on the Office of Court Administration's list of receivers. The Town's expenses in compensating the temporary receiver may be recovered pursuant to the provisions of sections 50-5 (C) and 50-8 of the Huntington Town Code.