Lezama v Cedano (2014 NY Slip Op 05368)
Lezama v Cedano
2014 NY Slip Op 05368
Decided on July 17, 2014
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and subject to revision before publication in the Official Reports.
Decided on July 17, 2014
Sweeny, J.P., Renwick, Andrias, Saxe, Kapnick, JJ.


12847 303165/12

[*1] Dario Lezama, et al., Plaintiffs-Appellants,
v
Domingo Cedano, Defendant, Bank of New York Mellon, etc., Defendant-Respondent.
Levine & Gilbert, New York (Harvey A. Levine of counsel), for appellants.
K & L Gates LLP, New York (David S. Versfelt of counsel), for respondent.
Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered May 9, 2013, which granted defendant Bank of New York Mellon's (BNY) motion to dismiss the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.
This negligence action arises out of an April 25, 2011, fire that killed plaintiff's decedent, 12-year old Christian Joel Lazara, as well as her mother and another resident of a multiple dwelling. Plaintiff commenced this action against the owner of the property, Domingo Cedano, and his mortgagee, BNY. The complaint alleges that had defendants adequately maintained the property, decedent's death could have been avoided. Prior to the fatal fire, defendant BNY had foreclosed on the property. The complaint alleges that defendant Cedano had abandoned the property for some time prior to April 25, 2011, and allowed it to remain in disrepair creating a fire hazard. It further alleges that defendant BNY "knew full well from its dealing with" Cedano that he had abandoned the property, and that no one had been appointed to inspect or maintain the premises that was occupied by several tenants.
In lieu of an answer, defendant BNY moved pursuant to CPLR 3211[a][1] and [7], to dismiss the claims asserted against it that BNY was liable for causing the fire that resulted in the decedent's death on the subject premises pursuant to RPAPL 1307[1], based upon documentary evidence that purportedly established that it had no duty to maintain the subject property. Supreme Court granted the motion. We now reverse.
In a pre-answer motion to dismiss under CPLR 3211[a][1] and [7], this Court is obliged "to accept the complaint's factual allegations as true, according to plaintiff the benefit of every possible favorable inference, and determining only whether the facts as alleged fit within any cognizable legal theory" (Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 270 [1st Dept 2004] [internal quotation marks omitted]). Dismissal is warranted only if the documentary evidence submitted "utterly refutes plaintiff's factual allegations" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Greenapple v Capital One, N.A., 92 AD3d 548, 550 [1st Dept 2012]), and "conclusively establishes a defense to the [*2]asserted claims as a matter of law" (Weil, Gotshal, 10 AD3d at 270-271, [internal quotation marks omitted].
Initially, we find that the complaint adequately pleads a claim against defendant BNY pursuant to RPAPL § 1307[1]. Moreover, pursuant to CPLR 3211[a][1], we find that the purported documentary evidence submitted by defendant BNY in support of the motion to dismiss is insufficient to conclusively establish as a matter of law that the subject property was not abandoned. Thus, defendant BNY was not entitled to pre-answer dismissal under CPLR 3211[a][1] and [7].
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 17, 2014
CLERK