OPINION OF THE COURT
Robert F. Moson, J.
Defendant, by counsel, moves for an order, pursuant to CPLR 3211 (a) (8), dismissing the information charging the defendant with violating Code of the City of Middletown § 475-10 (A). The People have opposed the motion.
.This is a criminal action in which the defendant is charged with a violation of section 475-10 (A) of the Code of the City of Middletown. The defendant herein is the assignee of a mortgage between the Bank of New York and David B. York. The mortgage was executed between the Bank of New York and David York on or about March 17, 2006, by which the Bank of New York held the mortgage on a parcel of land located at 43-45 Washington St., Middletown, NY 10940. Subsequently, David York defaulted on the loan agreement, and the Bank of New York initiated a foreclosure action on or about July 11, 2012. That foreclosure action is still pending in Orange County Supreme Court under index No. 005692/2012. On or about August 15, 2014, the mortgage was assigned from the Bank of New York to the defendant.
At some point, the mortgagor, David York, abandoned the property, and, as part of a separate action, the improvement on the parcel was demolished leaving the parcel clear. Recently the clear parcel of land has been utilized by persons unknown as a parking lot and resting place for untagged motor vehicles. It was as a result of the present condition of the parcel that the Code Inspector of the City of Middletown filed an information citing the defendant for a violation of section 475-10 (A) of the Code of the City of Middletown. The whereabouts of the mortgagor, David York, is unknown.
The defendant has sought dismissal pursuant to CPLR 3211 (a) (8). As this is a criminal prosecution, the CPLR is not applicable. The court, under its discretionary authority and in the interest of justice, will deem the defendant’s motion to be pursuant to CPL 170.30 (1) (f).
In the wake of the financial and housing foreclosure crises of the last decade, many municipalities have been plagued with *334 an exponential increase in abandoned and derelict houses within their communities. The substantial number of foreclosures statewide has resulted in a backlog of cases pending in the courts. During the pendency of these foreclosure actions, many municipalities have had their power to enforce municipal codes limited by their inability to serve legal process on the titled owner who has abandoned the property. The New York State Legislature recognized this problem, and in 2009 enacted section 1307 of the Real Property Actions and Proceedings Law.
RPAPL 1307 (1) provides a mechanism by which liability for the maintenance of a foreclosed and abandoned property may be imposed upon the mortgagee of the property. RPAPL 1307 (1) provides that after there has been a foreclosure sale of the abandoned property, that the mortgagee becomes liable for the maintenance of the property. It is the position of the defendant that under RPAPL 1307 (1) no liability may be imposed on the defendant herein, as there has yet to be a foreclosure sale.
The few cases that have examined RPAPL 1307 have been limited to an examination of subdivision (1). Lezama v Cedano (119 AD3d 479 [1st Dept 2014]) is a negligence action that arose out of the failure to maintain a property where a fatal fire occurred. Defendant Cedano had abandoned the property. The action also named the mortgagee, Bank of New York, as a direct defendant. Bank of New York brought a motion, pursuant to CPLR 3211 (a) (1), which was predicated upon RPAPL 1307 (1), that no liability could be assigned to the Bank of New York. The Supreme Court granted the motion to dismiss. However, the Appellate Division reversed. It held that the Bank of New York had failed to present sufficient evidence that the property was abandoned, thus leaving the requirements of RPAPL 1307 (1) unsatisfied. The Lezama Court did not address the issue of whether or not a foreclosure sale had occurred, or if there was a local law that addressed the issue.
Defendant cites Town of Huntington v Lagone (29 Misc 3d 779 [Suffolk Dist Ct 2010]), in which a civil action against the mortgagee for failure to maintain the mortgaged property was dismissed, as there had yet to be a foreclosure sale in satisfaction of RPAPL 1307 (1). Again, there is no indication that there was a local law that imposed a duty to maintain the property upon a mortgagee, thus sidestepping the issue of the applicability of RPAPL 1307 (8).
It would appear to be uncontested, in the instant action, that should the court rely solely on RPAPL 1307 (1) to determine *335 the outcome, that the defendant, at this point in time, may not be held to have a duty to maintain the subject property as there has yet to be a foreclosure sale. However, the People rely upon RPAPL 1307 (8) which provides: “This section [RPAPL 1307] shall not preempt, reduce or limit any rights or obligations imposed by any local laws with respect to property maintenance and the locality’s ability to enforce those laws.” In the absence of a local law that imposes a duty to maintain property upon the mortgagee out of possession, the defendant’s position would appear to be meritorious. The City of Middle-town has such a local law: Code of the City of Middletown § 296-3.
The City of Middletown, as do all municipalities, has a compelling interest in seeing that the public is protected through enforcement of municipal building and maintenance codes, and has broad authority to enact legislation to that end (see NY Const, art IX, § 2; Municipal Home Rule Law § 10 [1]). To ensure that the City has authority to enforce its codes, it has enacted Code of the City of Middletown § 296-3, which provides that “any person who violates or assists in the violation” of the New York Uniform Fire Prevention and Building Code will be guilty of an offense and be subject to fine, imprisonment or both. Code of the City of Middletown § 296-3 enumerates a list of entities that it defines as a “person,” and subject to prosecution for failure to comply with the City Code. Included in this enumerated list of “person [s] ” is a mortgagee. It is in reliance upon this section of the City Code that the instant criminal proceeding against the defendant was brought.
It is the opinion of the court that RPAPL 1307 (8), and not RPAPL 1307 (1), is controlling in the instant case. The legislature, by including RPAPL 1307 (8), insured that local laws would not be hampered or restricted by the language of RPAPL 1307. The purpose of enacting RPAPL 1307 by the legislature was to give municipalities, on a statewide basis, the power to address foreclosed and abandoned properties, but it could not have been the intention of the legislature to restrict the power of those municipalities that had already taken their own steps to insure their authority and ability to enforce local building and maintenance codes.
Therefore, it is ordered, that the defendant’s motion to dismiss is denied in its entirety.