Mendler v Jane-Horatio LLC (2021 NY Slip Op 00803)





Mendler v Jane-Horatio LLC


2021 NY Slip Op 00803


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Oing, JJ. 


Index No. 157007/18 Appeal No. 13067-13067A Case No. 2020-02069 2020-03490 

[*1]Joseph Mendler etc., Plaintiff-Appellant-Respondent,
v
Jane-Horatio LLC, et al., Defendants-Respondents, Suzanne Lawton etc., Defendant-Respondent-Appellant, Dime Community Bank Formerly Known as The Dime Savings Bank of Williamsburgh, Defendant.


Silverman Shin & Bryne PLLC, New York (Andrew V. Achiron of counsel), for appellant-respondent.
Mantel McDonough Riso, LLP, New York (Gerard A. Riso of counsel), for respondent-appellant.
Patterson Belknap Webb & Tyler LLP, New York (Stephen P. Younger of counsel), for respondents.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 9, 2020, dismissing the first, second, third, sixth, seventh, eighth and ninth causes of action of the amended complaint, and bringing up for review an order, same court and Justice, entered February 19, 2020, which granted the motion pursuant to CPLR 3211(a)(1), (5) and (7) of defendants Jane-Horatio LLC and Suzanne Lawton, individually and as personal representative of the Estate of Henry Mendler, to the extent of dismissing those causes of action, but denied the motion as to the fifth cause of action, unanimously affirmed, with costs. Cross appeal from the above order, to the extent it denied dismissal of the fifth cause of action, deemed an appeal from the above judgment (CPLR 5520[c]) and, as so considered, unanimously affirmed, with costs.
This appeal involves a separation agreement executed in 1973 by former spouses, Henry Mendler (Henry) and Judith Marion Mendler (Judith) that divided their marital property. After Judith and Henry divorced, Henry married defendant Suzanne Lawton, to whom he was married for 30 years. Henry died in 2018, naming Lawton as personal representative of his estate (estate), and Judith died during the pendency of this appeal.
The first, second, third, seventh, eighth and ninth causes of action sounding in breach of contract, constructive trust, unjust enrichment, tortious interference of contract, and violation of RPAPL article 15, were properly dismissed as time-barred.
The statute of limitations is six years for breach of contract, unjust enrichment, and constructive trust claims (see CPLR 213[2] [contract]; Maya NY, LLC v Hagler, 106 AD3d 583, 584-585 [1st Dept 2013] [unjust enrichment]; Knobel v Shaw, 90 AD3d 493, 496 [1st Dept 2011] [constructive trust]; 10 years for RPAPL article 15 claims (see CPLR 212[a]); and three years for tortious interference claims (see CPLR 214[4]).
Here, contrary to plaintiff's contention, the alleged breach did not occur upon Henry's death in 2018, when he failed to bequeath property located at Jane and Horatio streets (subject property) to Judith. Such provision in the agreement was contingent on Henry still owning the property, which he did not, having transferred his interest to Lawton 12 years before. Rather, the alleged breach occurred in 2006, at the latest, when Henry transferred his interest in the subject property to defendant Jane Horatio LLC with defendant Suzanne Lawton as its sole member (see Ely-Cruikshank Co. v Bank of Montreal, 
81 NY2d 399, 402 [1993]). Thus, these claims with respect to the subject 
property were barred by the applicable statute of limitations.
In any event, all the claims involving the transfer of Henry's interest in the subject property to defendant Jane Horatio LLC are utterly refuted by the documentary evidence, including the aforementioned time-barred claims, and the sixth cause of action claim that is not time-barred, alleging fraudulent conveyance under [*2]Debtor and Creditor Law §§ 276 and 276-a. The separation agreement did not prohibit Henry from transferring his interest to Lawton without consideration so as to give rise to a breach. Henry and Judith each relinquished their rights to certain real property and then agreed to bequeath such property to the other contingent upon ownership of the property at the time of death. These reciprocal "bequeathal provisions," drafted in nearly identical language, further stated that Judith and Henry were not restrained from "selling and conveying" or "encumbering" their real property during their lifetimes. Elsewhere in the agreement, Judith was expressly granted the right to "sell or otherwise convey" her real property. Interpreting the agreement "in accordance with its plain and ordinary meaning" (O'Brien v O'Brien, 115 AD3d 720, 723 [2d Dept 2014]), we cannot extrapolate that Henry alone was prohibited from conveying the subject property to Lawton. To do so would "imply a term which the parties themselves failed to insert or otherwise rewrite the contract" (id.).
Although defendant-respondent Lawton's cross appeal regarding the fifth cause of action was from the order and not the ensuing judgment, the appeal from the order "was sufficient for jurisdictional purposes because the relief granted in the judgment is identical to that directed in the decision and order" (Vebeliunas v Overstrom, 189 AD3d 653 [1st Dept 2020] ; see CPLR 5520[c]; Document Gem Holdco, LLC v Changing World Tech., L.P., 164 AD3d 1132, 1132 [2018]). The motion court properly denied the motion to dismiss with respect to the fifth cause of action alleging delinquent maintenance fees on an apartment occupied by Judith. The agreement obligated Henry to pay the maintenance fees on the apartment until Judith's death. The documentary evidence submitted by the moving defendants did not "utterly refute" plaintiff's claim that Henry breached his contractual obligation when he ceased paying the maintenance fees in 2016 (see generally Lezama v Cedano, 119 AD3d 479, 480 [1st Dept 2014]). The 2006 sale of the apartment to Judith and Henry's son did not conclusively establish that Henry was relieved of such obligation under the separation agreement, and, indeed, Henry continued to pay the maintenance fees for the next decade.
We have considered the parties' remaining contentions and find them either unavailing or academic in light of our determination. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021