22-1968-cv
*Harris v. TD Ameritrade Clearing Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

Jan Harris,

> *Plaintiff-Appellant*,

> v.                                        22-1968-cv

TD Ameritrade Clearing Inc.,

> *Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:                Jan Harris, *pro se*, Hilo, HI.

FOR DEFENDANT-APPELLEE:                 Laith J. Hamdan, Eric Rieder, Bryan Cave Leighton Paisner LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vyskocil, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Jan Harris, proceeding *pro se*, appeals the district court's judgment dismissing her breach of fiduciary duties and trust claims against defendant-appellee TD Ameritrade Clearing Inc. ("TD Ameritrade"). In 2005, Harris purchased shares in Bancorp International Group, Inc. ("Bancorp") through her brokerage accounts with TD Ameritrade's predecessors (Ameritrade, Inc and Scottrade, Inc.). Following her purchase, the SEC announced it was suspending trading in Bancorp securities. In the intervening years, Harris initiated multiple arbitration proceedings and lawsuits against TD Ameritrade. None has been successful. In fact, this Court previously affirmed the dismissal of an earlier federal lawsuit based on the same facts and asserting similar claims as the instant action. *See Harris v. TD Ameritrade, Inc.,* 837 F. App'x 841 (2d Cir. 2021) (summary order).

In the current action, Harris has again asserted claims related to the Bancorp stock and the defendant's inability to transfer her shares. The district court determined that Harris's claims failed for three independent reasons: they were time-barred, they were precluded by arbitration agreements between the parties, and they were also precluded by the doctrine of *res judicata*. *See Harris v. TD Ameritrade Clearing Inc.*, No. 21-CV-8851, 2022 WL 3544171, at *4–8 (S.D.N.Y. Aug. 18, 2022). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to affirm.

On an appeal from a Rule 12(b)(6) dismissal, this Court conducts *de novo* review of a district court's legal conclusions, including its interpretation and application of a statute of limitations. *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). A statute of limitations defense can be raised in a motion to dismiss "if the defense appears on the face of the complaint" and shows that the claim is "clearly . . . out of time." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (internal quotation marks and citation omitted).

We agree with the district court that, based upon the allegations in the operative complaint, Harris's claims are clearly time-barred. Under New York law (which Harris and TD Ameritrade agree applies here), her claims would be subject to, at most, a six-year statute of limitations.[1] *See* N.Y. C.P.L.R. §§ 213(1), 214(4); *Held v. Kaufman*, 91 N.Y.2d 425, 431 (1998); *Mendler v. Jane-Horatio LLC*, 142 N.Y.S.3d 492, 493–94 (1st Dep't 2021). A New York tort claim, including claims for breach of fiduciary duty and trust, accrues "when all elements of the tort can be truthfully alleged in a complaint." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 140 (2009) (internal quotation marks and citations omitted).

In the operative complaint, Harris alleges that in early 2010, she requested that TD Ameritrade reregister her shares in her name. In early 2011, after TD Ameritrade had still failed to implement that request, Harris brought her first arbitration action, alleging similar claims to the ones contained in this action, demonstrating the accrual of her claims at that point. Thus, to timely

---

[1] Even assuming we were to apply Nebraska law, where TD Ameritrade is incorporated, Harris's claims would be subject to, at most, a four-year limitations period. *See* Neb. Rev. Stat. §§ 25-207 (establishing four-year limitations period for "[a]ctions for trespass, conversion, other torts, and frauds"); 25-211 (same for "[a]ctions on contracts by reason of failure or want of consideration"); 25-212 (same for "[a]ctions not specified"); *see also Knoell v. Huff*, 395 N.W.2d 749, 753 (Neb. 1986). Thus, the claims also would be time barred even under Nebraska law.

state any of her claims under New York law, Harris would have needed to have filed her complaint in 2017. Instead, she filed this lawsuit in 2021. Her claims are, therefore, time-barred.

Harris nevertheless argues that her claims are timely because a full accounting of her brokerage accounts had not been performed by the time she filed this lawsuit, and the statute of limitations thus had not started to run. However, the case she relies on, *Webster v. Forest Hills Care Ctr., LLC*, 164 A.D.3d 1499, 1501 (2d Dep't 2018), applied a limitations period, in part, to a breach of a fiduciary duty claim even though plaintiff was seeking an accounting.

Harris also contends that the limitations period has not started to run because the fiduciary relationship continues due to the non-repudiation of the trust. However, "[t]he reason for such a tolling rule is that the beneficiary should be entitled to rely upon a fiduciary's skill without the necessity of interrupting a continuous relationship of trust and confidence by instituting suit." *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 519 (2d Cir. 2001). Here, as the district court correctly determined, *see Harris*, 2022 WL 3544171, at *7, Harris cannot show any reasonable reliance on the continuing fiduciary relationship which was repudiated, at the very latest nearly a decade ago, when TD Ameritrade successfully opposed Harris in the 2014 arbitration.

Because Harris's claims are time-barred, we need not reach the other grounds for dismissal upon which the district court relied. Finally, upon *de novo* review, we agree with the district court that, given that the claims are time-barred, any further amendment of the complaint would have been futile. *See Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 309 (2d Cir. 2022) (denial of leave to amend based on futility is reviewed *de novo*). Therefore, the district court correctly denied leave to amend.

4

We have considered Harris's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court