MELISSA GUZY, Appellant, v NEW YORK CITY, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [12 NYS3d 71]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered June 18, 2014, which, to the extent appealed from as limited by the briefs, granted defendant New York City Transit Authority's (NYCTA) motion for summary judgment dismissing the complaint as time-barred, unanimously affirmed, without costs.

Plaintiff was allegedly injured on October 13, 2011, when she was crossing the street and struck by a bus owned and operated by NYCTA. Plaintiff timely filed a notice of claim, and was informed that she had one year and 90 days after the accident to commence an action. As such, plaintiff was required to commence an action by February 11, 2013 (*see* Public Authorities Law § 1212 [1], [2]). However, plaintiff commenced an action against NYCTA in the Superior Court of New Jersey in July 2013. Plaintiff then commenced the instant action on August 15, 2013. The New Jersey action was subsequently dismissed for lack of personal jurisdiction.

The court properly granted NYCTA's motion to dismiss the

complaint as time-barred, since plaintiff did not commence the action within the applicable statute of limitations period (*see Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011]). Plaintiff's contention that the statute of limitations should have been tolled for the period that NYCTA was conducting its investigation of the alleged accident is without merit, since plaintiff was not precluded from commencing the action during that period (*see e.g. Cespedes v City of New York*, 301 AD2d 404, 404-405 [1st Dept 2003]). Nor can plaintiff find relief under CPLR 205 [a], since that statute allows a plaintiff six months to commence a new action where the previous action was timely commenced and was terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits. Here plaintiff's New Jersey action was not timely commenced, and was dismissed for lack of personal jurisdiction. Moreover, CPLR 205 [a] does not apply when the initial action was commenced in a state or federal court outside of New York (*see* Siegel, NY Prac § 52 at 75 [5th ed 2011]; *Lehman Bros. v Hughes Hubbard & Reed*, 245 AD2d 203, 204 [1st Dept 1997], *affd* 92 NY2d 1014 [1998]).

The remedy of equitable estoppel to bar NYCTA's affirmative defense of the statute of limitations is not applicable in this case, as plaintiff has failed to demonstrate that NYCTA's investigation of the accident induced her to postpone commencing the action (*see Walker v New York City Health & Hosps. Corp.*, 36 AD3d 509, 510 [1st Dept 2007]). Plaintiff was aware that she was required to commence an action within one year and 90 days of her accident, and failed to give a credible explanation why she did not do so, thus plaintiff cannot demonstrate that she was justified in waiting for NYCTA to complete its investigation as reason for delaying the filing of the complaint (*see Zumpano v Quinn*, 6 NY3d 666, 674 [2006]; *Dunefsky v Montefiore Hosp. Med. Ctr.*, 162 AD2d 300, 300 [1st Dept 1990]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.