■ Louis Bacon, Appellant, v Peter Nygard et al., Respondents. [35 NYS3d 25]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about July 31, 2015, which dismissed the defamation claims based on 105 of 135 allegedly defamatory statements as time-barred, the claims for intentional infliction of emotional distress and prima facie tort as duplicative and/or

time-barred, and the aiding and abetting and conspiracy claims to the extent the intentional infliction of emotional distress and prima facie tort claims were dismissed, unanimously affirmed without costs.

Plaintiff failed to establish that the doctrine of equitable estoppel bars defendants from asserting a statute of limitations defense to his time-barred defamation claims. He contends that defendants' fraud and misrepresentations prevented him from discovering defendants' identity—not that he "was lulled into inaction by defendant[s] in order to allow the statute of limitations to lapse" (*East Midtown Plaza Hous. Co. v City of New York*, 218 AD2d 628, 628 [1st Dept 1995]). Further, plaintiff does not allege a fiduciary relationship between himself and defendants (*id.* at 629).

In any event, plaintiff's allegations that he acted diligently in bringing this action are utterly refuted by the two open letters he published (*see Lezama v Cedano*, 119 AD3d 479, 480 [1st Dept 2014]). The letters demonstrate that plaintiff had sufficient knowledge to bring an action for more than a year before he commenced this action (*see Simcuski v Saeli*, 44 NY2d 442, 450 [1978]).

The intentional infliction of emotional distress and prima facie tort claims are duplicative since the underlying allegations fall "within the ambit of" the defamation causes of action (*see Fleischer v NYP Holdings, Inc.*, 104 AD3d 536, 538-539 [1st Dept 2013], *lv denied* 21 NY3d 858 [2013]). The non-time-barred "hate rally" allegations were intended to show that plaintiff was defamed, not that he suffered emotional distress. The continuing tort doctrine is not applicable since there was not a "final actionable event" that occurred within the statutory limitations period (*see Shannon v MTA Metro-N. R.R.*, 269 AD2d 218, 219 [1st Dept 2000]). The non-time-barred, non-defamation allegations that were dismissed cannot form a basis for invoking the continuing tort doctrine. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ. ■