■ DEADCO PETROLEUM, Appellant, v TRAFIGURA AG et al., Respondents. [58 NYS3d 16]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered August 30, 2016, which, to the extent appealed from, granted defendants' motion to dismiss the amended complaint, unanimously affirmed, with costs.

Plaintiff, a distributor of petroleum products, entered into a business relationship in early 2008 with defendant petroleum suppliers. Plaintiff alleges that the parties operated under an oral "partnership/strategic partnership" for some months and then documented certain aspects of the relationship in a May 2008 Product Services Agreement (PSA). After the PSA was executed, and through December 2009, defendants allegedly charged staggering interest and profit sharing fees never previously negotiated, to compensate for the undisclosed loss of their competitive market advantage vis-a-vis Asian oil, which plaintiff did not learn about until February 2012. The interest and fees allegedly worsened plaintiff's position with its lender, prevented it from finding alternative financing, and left it with no choice but to sell its company as soon as possible, to a buyer who paid $21 million less than its value.

In May 2012, plaintiff commenced an action against defendants in California federal court. The action was dismissed based on the PSA's forum selection clause designating New York courts as the exclusive forum, and the dismissal was affirmed by the circuit court of appeals on March 23, 2015. Plaintiff commenced this action on April 20, 2015.

The breach of partnership/strategic partnership, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, and fraud claims, which arose under the PSA, are time-barred pursuant to the PSA's two-year limitations provision. These claims accrued, at the latest, in February 2012, when plaintiff alleges that it discovered them. While the California action was timely commenced, the tolling provision of CPLR 205 (a) does not avail plaintiff, because an out-of-state action is not a "prior action" within the meaning of that provi-

sion (*Guzy v New York City*, 129 AD3d 614 [1st Dept 2015]; *Midwest Goldbuyers, Inc. v Brink's Global Servs. USA, Inc.*, 120 AD3d 1150 [1st Dept 2014], *lv dismissed* 26 NY3d 1078 [2015]; *Baker v Commercial Travelers Mut. Acc. Assn. of Am.*, 3 AD2d 265, 266 [4th Dept 1957], *appeal dismissed* 4 NY2d 828 [1958]).

The intentional interference with prospective economic advantage claim, which did not arise under the PSA, is also time-barred, because it accrued, at the latest, in December 2009, and plaintiff did not commence this action until well beyond the expiration of the applicable three-year limitations period (*see* CPLR 214 [4]; *Susman v Commerzbank Capital Mkts. Corp.*, 95 AD3d 589, 590 [1st Dept 2012], *lv denied* 19 NY3d 810 [2012]).

The breach of partnership/strategic partnership and breach of fiduciary duty claims fail to state a cause of action and are belied by documentary evidence. Both claims are premised on the existence of a partnership. However, the PSA expressly disclaimed a partnership relationship between the parties. As to the breach of fiduciary duty claim, plaintiff alleges an arm's length transaction and no special circumstances that might give rise to a fiduciary relationship between the parties (*see V. Ponte & Sons v American Fibers Intl.*, 222 AD2d 271 [1st Dept 1995]). The breach of implied covenant of good faith and fair dealing claim is duplicative of the breach of partnership claim (*see Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce*, 70 AD3d 423, 426 [1st Dept 2010], *lv denied* 15 NY3d 704 [2010]).

The fraud claim fails because it is based on the allegation that defendants did not intend to perform as promised (*see Goldstein v CIBC World Mkts. Corp.*, 6 AD3d 295, 296 [1st Dept 2004]; *DePinto v Ashley Scott, Inc.*, 222 AD2d 288 [1st Dept 1995]). The intentional interference with prospective economic relations claim fails to allege that defendants' actions were motivated solely by malice (*see Matter of Entertainment Partners Group v Davis*, 198 AD2d 63 [1st Dept 1993]).

Given the clear, expansive terms of the PSA's integration clause, plaintiff's efforts to avoid the contract's two-year limitations provision or other terms on the basis of a pre-PSA oral partnership/strategic partnership are unavailing. To the extent any such relationship existed, it was expressly superseded by the PSA. Concur—Acosta, P.J., Richter, Feinman, Webber and Kahn, JJ.