MRE Tech. Solutions LLC v Smiths Detection, Inc. (2023 NY Slip Op 02387)

MRE Tech. Solutions LLC v Smiths Detection, Inc.

2023 NY Slip Op 02387

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Webber, J.P., Gesmer, González, Scarpulla, Mendez, JJ. 

Index No. 652663/21 Appeal No. 167 Case No. 2022-00436 

[*1]MRE Technology Solutions LLC, Plaintiff-Appellant,
v
Smiths Detection, Inc., Defendant-Respondent.

Loeb & Loeb, LLP, New York (Paula K. Colbath of counsel), for appellant.
Squire Patton Boggs (US) LLP, New York (Paul D. Erian of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about January 3, 2022, which granted defendant's motion to dismiss the amended complaint, unanimously affirmed, without costs.
The motion court properly dismissed the action on the ground that the alleged breach of the service agreement occurred outside of the contractual two-year limitations period. Plaintiff's cause of action for breach of contract accrued, and the two-year contractual limitations period began to run, when defendant first implemented its unilateral decision to reduce plaintiff's services on May 1, 2018 (see Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175 [1986]). However, plaintiff did not commence the action until April 21, 2021, almost three years later.
Plaintiff's reliance on the continuing wrong doctrine to toll the limitations period is unavailing. The fact that plaintiff was subject to continuing effects of defendant's service reduction in 2018 does not amount to a continuing series of wrongs to render the continuing wrong doctrine applicable to toll the limitations period (see Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017]).
Furthermore, plaintiff's allegations do not support estoppel. Equitable estoppel is an extraordinary remedy, which applies where a party is prevented from filing an action within the applicable statute of limitation due to his or her reasonable reliance on deception, fraud or misrepresentations by the other (see Bacon v Nygard, 140 AD3d 577, 578 [1st Dept 2016]). Plaintiff has the burden of establishing that defendant engaged in affirmative misconduct that prevented it from timely asserting its claims (Zumpano v Quinn, 6 NY3d 666, 674 [2006]). Here, the amended complaint alleges that defendant refused to negotiate towards resolution of the parties' dispute. However, there is no evidence or even an allegation that defendant lulled plaintiff into inaction in order to allow the limitations period to lapse (Bacon, 140 AD3d at 578).
Finally, the motion court properly determined that CPLR 205(a), which provides for the tolling of the limitations period because of a prior action under certain circumstances, did not apply because plaintiff's earlier action was filed in Maryland and "an out-of-state action is not a 'prior action' within the meaning of that provision" (Deadco Petroleum v Trafigura AG, 151 AD3d 547, 547 [1st Dept 2017]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023