Solidx Mgt. LLC v Vaneck Sec. Corp. (2024 NY Slip Op 04489)

Solidx Mgt. LLC v Vaneck Sec. Corp.

2024 NY Slip Op 04489

Decided on September 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 19, 2024

Before: Kern, J.P., Singh, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 650223/21 Appeal No. 2549 Case No. 2024-00538 

[*1]Solidx Management LLC, et al., Plaintiffs-Appellants,
v
Vaneck Securities Corporation, et al., Defendants-Respondents.

Robins Kaplan LLP, New York (Lauren J. Coppola of counsel), for appellants.
Dewey Pegno Kramarsky LLP, New York (Thomas E.L. Dewey of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter), entered January 16, 2024, which, as modified by an order, same court and Justice, entered June 4, 2024, granted defendants' motion to dismiss the new claims asserted in the first amended complaint, unanimously affirmed, without costs.
While this Court is not bound by the Supreme Court's prior rulings under the doctrine of law of the case (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]), the Supreme Court properly found that there was no partnership or fiduciary relationship among the parties. In addition to the disclaimer of partnership, the agreements at issue contained no promise to share profits and losses or other indicia of a partnership or fiduciary relationship (see Martin v Peyton, 246 NY 213, 218 [1927]; Deadco Petroleum v Trafigura AG, 151 AD3d 547, 548 [1st Dept 2017], lv denied 30 NY3d 907 [2017]).
Moreover, plaintiff trust is bound by the parties' agreements because SolidX entered into them as its sponsor — that is, its agent — and the agreements are solely for the benefit of the trust (see Highland Crusader Offshore Partners, L.P. v Targeted Delivery Tech. Holdings, Ltd., 184 AD3d 116, 122 [1st Dept 2020] [beneficiary]; Matter of Jefferies & Co., Inc. v Infinity Equities I, LLC, 66 AD3d 540, 541 [1st Dept 2009] [bound by agent]).
The fraud by omission claims were not supported by any duty to speak (cf. Swersky v Dreyer & Traub, 219 AD2d 321, 327 [1st Dept 1996]; Syncora Guar. Inc. v Alinda Capital Partners LLC, 2013 NY Slip Op 31489[U], *29 [Sup Ct, NY County 2013]). In any event, the statement by defendant Jan van Eck was not misleading and substantially disclosed the facts that plaintiffs claim were omitted.
Following oral argument on this appeal, Supreme Court issued an order, sua sponte, reinstating plaintiffs' claim for "breach of the obligation to provide marketing services" because it realized that the decretal language from its January 16, 2024 order unintentionally dismissed this claim. We agree that plaintiffs adequately pleaded a breach of section 1.2(8) of the parties' Second Agreement by alleging that defendant
van Eck failed to provide the marketing materials required. However, that part of the second cause of action asserting breach of the covenant of good faith and fair dealing was properly dismissed because "a separate cause of action for breach of the covenant cannot be maintained where, as here, 'it is premised on the same conduct that underlies the breach of contract cause of action and is intrinsically tied to the damages allegedly resulting from a breach of the contract' " (Parlux Fragrances, LLC v S. Carter Enters., LLC, 204 AD3d 72, 92 [1st Dept 2022], quoting MBIA Ins. Corp. v Merrill Lynch, 81 AD3d 419, 420 [1st Dept 2011]).
Contrary to plaintiffs' contention, the court did not dismiss the claim for breach of the nonexclusivity clause of the Second Agreement because plaintiffs relied on discovery material to show the breach. Rather, [*2]plaintiffs failed to plead any conduct that violated the plain language of that clause. The court properly rejected their attempt to vary the terms of the agreement through parol evidence.
Finally, the court properly dismissed the claim for unjust enrichment as barred by the express agreements (see Iberdrola Energy Projects v MUFG Union Bank, N.A., 218 AD3d 409, 411 [1st Dept 2023]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 19, 2024